**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DAMIEN T. RUSS,** | ) | **CASE NO. 4:10CR309** |
| | ) | **4:16CV273** |
| | ) | |
| Petitioner, | ) | **JUDGE JOHN R. ADAMS** |
| | ) | |
| v. | ) | |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |
| | ) | |

The instant matter is before the Court upon Petitioner Damien Russ' Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255. Doc. 822. The petition is DENIED.

**I. STANDARD OF REVIEW**

"To prevail under 28 U.S.C. § 2255, a defendant must show a 'fundamental defect' in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994). A federal district court may grant relief to a prisoner in custody only if the petitioner can "demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003).

**II. FACTS AND PROCEDURAL HISTORY**

The facts of this matter were detailed in Petitioner's direct appeal of his convictions and are as follows:

1

Russ, a convicted felon on supervised release, fled when confronted by two law enforcement officers in the rear parking lot of the Powerhouse Bar and Grill in the early morning hours of July 10, 2010. As Russ pushed away and ran, the officers saw a shiny object at his waist that one of them recognized to be a firearm. They chased Russ, lost sight of him, and pulled him from some bushes a few minutes later. No firearm was found with Russ, but a silver .38 caliber revolver with an obliterated serial number and six rounds of ammunition was recovered less than ten minutes later in some brush along the path Russ had taken when officers lost sight of him. A one-count indictment charged Russ with being a felon in unlawful possession of a loaded firearm—namely, a Rossi .38 caliber revolver with an obliterated serial number and six rounds of ammunition—in violation of 18 U.S.C. § 922(g)(1).

Defendant's motion to suppress evidence was denied, and trial was conducted over several days in May 2011. Russ did not testify, and the jury found him guilty as charged. The district court varied upward and sentenced Russ to 97 months of imprisonment and three years of supervised release. Based on that conviction, the district court also revoked Russ's prior supervised release and imposed a consecutive 18–month term of imprisonment to be followed by the remaining term of supervised release. This court affirmed the denial of the suppression motion, but reversed both the felon-in-possession conviction and the revocation of his supervised release for reasons unrelated to this appeal. *See United States v. Russ*, 508 Fed. Appx. 377 (6th Cir. 2012).

On remand, Russ obtained new court-appointed counsel and elected to testify at the trial conducted in April 2013. The jury returned a verdict of guilty, and Russ filed a pro se motion for a new trial asserting claims of ineffective assistance of counsel. At sentencing, Russ also insisted that he be allowed to represent himself, and defense counsel withdrew. Defendant argued for a downward departure or variance and the government moved for an upward departure or variance as each had done after the first trial. But, the government also sought an additional two-level enhancement for obstruction of justice based on Russ's testimony during the second trial. See U.S. Sentencing Guidelines Manual (USSG) § 3C1.1 (2012). Finding the enhancement applied and granting an upward variance to the statutory maximum, the district court sentenced Russ to 120 months of imprisonment to be followed by a three-year term of supervised release. Revoking his prior term of supervised release, the district court imposed a consecutive sentence of 30 months of imprisonment and terminated the remaining period of supervised release.

*United States v. Russ*, 600 F. App'x 438, 440–41 (6th Cir. 2015).

On February 4, 20156 Petitioner filed the instant motion. On April 4, 2016, the Government responded in opposition to the motion. Petitioner replied in support of his motion on April 22, 2016.  The Court now resolves his arguments.

## II. LAW AND ARGUMENT

**GROUNDS ONE, TWO, and THREE**

In all three of his grounds for relief, Petitioner asserts that his counsel (trial in grounds one and two and appellate in ground three) was ineffective for 1) failing to properly advise him regarding his decision to testify on his own behalf, 2) failing to properly that his jury selection process was unconstitutional, 3) failing to argue on appeal that his waiver of counsel was invalid.

The standard for ineffective assistance of counsel is the two-part test set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). First, Petitioner must show that his counsel's performance was deficient. Id. at 687. Counsel must not merely have erred, but erred so "serious[ly] that counsel was not functioning as the 'counsel' guaranteed ... by the Sixth Amendment." *Id*. Second, Petitioner must show that his counsel's deficient performance actually prejudiced his defense. *Id.* The Court will now examine each of Petitioner's contentions.

Petitioner's first contention – that his counsel failed to properly advise him regarding his decision to testify – is belied by the record. During the trial of this matter, Petitioner's then-counsel, Damian Billak, notified the Court that his client intended to testify:

> MR. BILLAK: Your Honor, I just wanted to give the Court and marshals notice Ms. Russ is likely to testify and he would be the next witness.
>
> THE COURT: All right. I think I probably should inquire of him, make certain that's what he desires to do.
>
> MS. RICE: Thank you, Your Honor.
>
> MR. BILLAK: And the ramifications that go along with that. I've gone over that obviously with him.

Doc. 163 at 50. The Court then inquired as follows:

> THE COURT: Mr. Russ, it's my understanding, based on our discussions at sidebar with your attorney, that you desire to testify; is that correct?
>
> THE DEFENDANT: Yes, sir.

3

THE COURT: Do you understand, sir, that you have a right not to testify. If you do not testify, the government's attorneys cannot use that against you in any way. They can't make any comment about your failure to testify. However, in the alternative, if you do testify, they will be permitted to call to the jury's attention your prior criminal record. They have a right to question you regarding those matters. It's called impeachment. It goes to, in some respects, your credibility and your truthfulness. So without your testimony, the jurors will not be made aware of your prior criminal record. If you do testify, the jurors will most certainly learn of that information. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: And again, I'm not trying to in any way, shape, or form discourage you from testifying or suggest you shouldn't testify. Nor am I suggesting that you should not. I just want to make sure you understand the possible consequences if you do testify and make you aware of the fact that this certain -- certainly the information which your attorney may feel is prejudicial to your cause will be before the jury. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: Is it still your desire to testify?

THE DEFENDANT: Yes.

THE COURT: Counsel for the government, just for the record, what do you anticipate will be the defendant's record, the convictions that you will call upon on cross-examination, just so the defendant has a full understanding.

MS. RICE: Certainly, Your Honor. 2000 federal conviction for possession with intent to distribute cocaine base or crack on which he was on supervised release at the time of this offense. I'm sorry. That was -- yes. That was the first one. Then he has a '98 felony of the fifth degree, possession of crack cocaine. That one we cannot use. Obviously that's a felony of the fifth degree. He has an assault conviction from 1999 for which he served 90 days in jail. And a -- I believe that's it. The other attempted aggravated trafficking, F-4, is from 1994. So that is too old.

MR. BILLAK: Your Honor, I don't believe that assault would come in. That's a misdemeanor conviction from '99.

MS. RICE: So the primary one would be the federal drug conviction for which he was on supervised release.

THE COURT: All right. Sir, you understand that that is evidence, again, that the jurors will be made aware of in this case if you testify?

THE DEFENDANT: Yes, sir.

4

> THE COURT: And it's still your desire to testify?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: You've consulted in full with your attorney, and he's advised you of your – let's put it this way. Let me rephrase it. **You've conferred with him and discussed the matter in full with him**, and at this time it's still your desire to testify?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: All right. The Court is satisfied.

Doc. 163 at 50-54 (emphasis added).

In this proceeding, Petitioner contends that despite the trial record, his counsel failed to advise him. Specifically, Petitioner contends that his counsel did not inform of the possibility that he would receive an obstruction of justice enhancement if the jury and ultimately the undersigned did not find his testimony to be credible. This Court is agreement with those courts that have considered and rejected this precise argument:

> Nevertheless, "[w]arning a criminal defendant that testifying untruthfully could lead to a sentence enhancement for obstruction of justice is not a requirement for a trial defense attorney under the constitutional standard of effective assistance of counsel." *United States v. Williams*, 2005 WL 3303934, *5 (D.Alaska 2005). This is because "taking the oath prefatory to testifying informs a witness that truthful testimony is expected. That the untruthful witness may not be aware of the exact penalty to be suffered does not mean that he is unaware of the prohibition against false testimony." *Robertson v. United States*, 144 F.Supp.2d 58, 67 (D.R.I. 2001). Thus, as the United States District Court for the Middle District of Alabama has recently held "[d]efense counsel ... is not required to warn a defendant that testifying untruthfully could lead to a sentence enhancement for obstruction of justice, especially when the defendant has taken the oath." *Cleckler v. United States*, 2009 WL 1507538, *13 (M.D.Ala.2009); *cf. Mayes v. United States*, 2007 WL 4302829, *9 (W.D.Va.2007) (finding petitioner's claim that counsel failed to advise him that the government could seek enhancement for obstruction of justice if he committed perjury while testifying failed on the merits since, prior to testifying, petitioner "was administered an oath requiring him to tell the truth during his trial and simply failed to do so.").

*Corley v. United States*, No. CIV.A. 09-0080-WS-C, 2009 WL 4799535, at *12 (S.D. Ala. Dec. 1, 2009), *aff'd*, 406 Fed. App'x 342 (11th Cir. 2010). As Petitioner's first ground for relief relies

5

exclusively upon an argument that he was not informed of the possible obstruction enhancement, it lacks merit. Petitioner was placed under oath prior to testify. Accordingly, his counsel was not constitutionally obligated to inform him that an obstruction enhancement was the possible penalty for false testimony.

In his second ground for relief, Petitioner contends that his trial counsel was ineffective for his failure to challenge the manner in which Petitioner's jury was chosen. Petitioner cannot show deficient performance of counsel in this regard because he seeks to raise a claim that "strives to rebuke the [Jury Selection and Service Act] in its entirety[.]" Doc. 177 at 7. The Sixth Circuit, however, has previously rejected a challenge to this District's method for selecting jury venires. *See United States v. Watkins*, 691 F.3d 841, 850-51 (6th Cir. 2012) (rejecting a defendant's claim that the Jury Selection Plan for the Northern District of Ohio violates the Sixth Amendment by systematically excluding minorities). As counsel is not required to raise issues that have no legal merit, counsel was not deficient for declining to raise and preserve the issue contained in Petitioner's second ground for relief.

In his third and final ground for relief, Petitioner contends that his appellate counsel was deficient for failing to challenge the validity of his waiver of counsel at the sentencing phase of these proceedings. Petitioner contends that this Court's inquiry regarding his decision to proceed without counsel was deficient. More specifically, Petitioner contends that this Court did not comply with the model inquiry set forth by the Sixth Circuit in *United States v. McDowell*, 814 F.2d 245, 250 (6th Cir. 1987). Initially, this Court would note that "[t]he elaborate waiver procedure outlined in *McDowell* does not apply to waiver of counsel during sentencing. The dangers of self-representation at trial are simply not present at sentencing." *United States v. Napier*, 884 F.2d 581 (6th Cir. 1989). On that basis alone, Petitioner's final ground for relief lacks merit.

Additionally, the *McDowell* court's model inquiry need not be restated verbatim by a trial court so long as the trial court covers the "same substantive points" as the inquiry laid out by *McDowell. United States v. Colbert*, 55 Fed. Appx. 225, 229 (6th Cir. 2002). In the instant matter, the Court engaged in the following colloquy with Petitioner:

> THE COURT: Do you understand the implications of trying to represent yourself at a sentencing hearing such as this one?
>
> THE DEFENDANT: Excuse me, sir?
>
> THE COURT: So do you understand the difficulties, is what I should have said, implications or difficulties in trying to represent yourself in a proceeding such as this one at the sentencing hearing?
>
> THE DEFENDANT: I think so, yes, sir.
>
> THE COURT: Well, let me just touch upon that here briefly so that I can be certain that you understand, again, the challenges of representing yourself in this matter. The government has filed a motion or a memoranda. That memoranda seeks to ask me to impose the statutory maximum. The statutory maximum penalties in this case is ten years, 120 months. There's also a supervised release violation based on my best recollection. That supervised release violation, at least the advisory guideline range, is 18 to 24 months and that could be run concurrent or consecutive. So first of all, there is a very serious consequence as it relates to this sentencing or the court's sentencing hearing. Do you understand that?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Do you have any experience, do you understand how the advisory guidelines work?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Do you understand what a departure is?
>
> THE DEFENDANT: Yes, sir. I believe so, yes, sir.
>
> THE COURT: What is a departure?
>
> THE DEFENDANT: You can either go downward or upward, I believe so, as far as the guidelines?
>
> THE COURT: That's correct. Do you know what a variance is?

7

>THE DEFENDANT: I believe it's basically the same thing, sir.
>
>THE COURT: Are you are prepared to proceed today and represent yourself in this matter?
>
>THE DEFENDANT: Yes, sir.
>
>THE COURT: You don't wish a continuance or anything of that nature?
>
>THE DEFENDANT: No, sir.
>
>THE COURT: All right. Counsel, we will permit you to withdraw, and Mr. Russ appears to indicate to me he has certain knowledge, I didn't do a full inquiry, but he has certainly been before this court. This is the second appearance before me for sentencing. I know he's been sentenced previously by Judge Manos in a prior sentencing hearing. So if he so desires and understanding the possible consequences here, the sentence the court may impose or at least the maximums that the court has available to it, I will allow him to represent himself if he so chooses.

Doc. 167 at 3-6. The record above makes clear that the Court tailored its inquiry to the sentencing process in compliance with the views expressed by the Sixth Circuit. Moreover, given Petitioner's prior criminal history and familiarity with the court system and his performance during sentencing, there is no question that he made a knowing and voluntary waiver of his right to counsel. Russ raised numerous objections to the Court's Guideline calculations and requested a downward variance/departure during that sentencing. Accordingly, the record demonstrates that appellate counsel was not deficient when he declined to claim error in Petitioner's waiver of counsel during sentencing. Petitioner's final ground for relief lacks merit.

### III. CONCLUSION

For the foregoing reasons, Petitioner Damien Russ' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is hereby **DENIED.**

Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

Dated: April 6, 2017  /**s/** *John R. Adams*
**JOHN R. ADAMS**
**UNITED STATES DISTRICT JUDGE**